UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                  Case No. 08-CR-17

DORA McGEE,

        Defendant.

## ORDER GRANTING REQUEST FOR EVIDENTIARY HEARING

On February 7, 2008, the defendant filed a motion to suppress statements on the basis that she was in custody and subject to interrogation when she gave the relevant statements but was not provided her Miranda warnings. (Docket No. 10 at 27-28.) Additionally, she argues her statements were not voluntarily made and that the statements are inadmissible pursuant to Federal Rule of Evidence 408. (Docket No. 10 at 28-31.) In this motion she requested an evidentiary hearing to resolve this motion.

The government has responded to the defendant's request. Although the government concedes that an evidentiary hearing is necessary, it argues that an evidentiary hearing is necessary only to resolve the question of voluntariness and thus asks that the court appropriately limit the scope of the evidentiary hearing. In support of its argument that an evidentiary hearing is unnecessary to resolve the defendant's Miranda argument, the government points to the first paragraph of her statement which states:

> I, Dora McGee, hereby make the following free and voluntary sworn statement to
> Daniel Kakonis, who has identified him/herself to me as a law enforcement officer

conducting an inquiry regarding the Social Security Administration. I understand that I am not under arrest, and am free to leave at any time during the interview.

(Docket No. 12 at 2.)

Although it appears that this statement will be relevant to the ultimate determination of the disputed facts set forth in the defendant's motion, the court does not find this statement to be dispositive. Custody and voluntariness are questions that must be evaluated by examining the totality of circumstances. See respectively, United States v. Graven, 129 F.3d 974, 977 (7th Cir. 1997); Watson v. Detella, 122 F.3d 450, 453 (7th Cir. 1997). Thus, under the circumstances presented in this case, the court finds it appropriate to conduct an evidentiary hearing to resolve the defendant's motion to suppress.

**IT IS THEREFORE ORDERED** that the defendant's request for an evidentiary hearing is **granted**. A hearing shall commence on **February 26, 2008 at 2:00 PM** in Courtroom 254 of the United States Courthouse, 517 East Wisconsin Avenue, Milwaukee, Wisconsin. The court has scheduled two hours of court time for this hearing. Upon receipt of this order, if either party believes that additional court time is necessary, the party shall promptly notify the court with an estimate of the in-court time necessary to resolve the defendant's motion.

Dated at Milwaukee, Wisconsin this 12th day of February 2008.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
